Johnson, C. J. The Circuit Court ruled correctly in sustaining the demurrer to each of the pleas of Ferguson, and also the two first filed by Redman. They are all substantially the same, and nothing more nor less than pleas of nul tiel corporation. The point presented upon these pleas was fully discussed and definitively settled by this court in the case of Underhill v. The State Bank, 1 Eng. Rep. p. 138: and in Murphy v. The Same, 2 Eng. Rep. p. 58. Redman also filed three additional pleas. The first of these was nil debet, which he verified by his affidavit; to this plea the Bank filed her similiter. We will first proceed to test the correctness of the finding and judgment upon the issue formed upon this plea. The 104 sec. of chap. 116 of the Revised Code, provides that, “The pleas of nil debet and non asswnpsit may be filed in all actions of debt or assump-sit founded on .any instrument of writing not under seal; but such pleas shall not put in issue the execution of such writing unless the same shall be verified by affidavit.” It was clearly the design of the Legislature, under this provision of the Statute, that where a party should interpose tire plea of nil debet, in an action of debt founded upon an instrument of writing not under seal, and should also support it by his affidavit, that it should rebut the legal presumption of the genuineness of the signature, and consequently throw the onus of proving that fact upon the plaintiff. This being the legal effect of the plea verified by affidavit, the question to be met and decided is, whether the Bank made out her case by competent testimony. It is manifest drat the plaintiff below utterly failed to prove that the signature of Redman was his own proper hand-writing, or that it had been placed upon the note by his authority. Neither of the witnesses introduced to that point would go so far as to say that they were sufficiently acquainted with his hand-writing to enable them to establish its identity. So far from showing that the signature is genuine, Hempstead, who seems to be best acquainted with his hand-writing, gives it as his opinion that the hand was more cramped than that of Redman. It would be difficult to conceive how the jury arrived at' the conclusion from the testimony that the signature was either placed upon the note by Redman or by his authority. The proof is totally insufficient to establish either state of case. The plaintiff below also demurred to the fourth plea interposed by Redman. This alleges in substance that the Bank, after the note sued upon fell due, accepted from Ferguson, the principal debtor, a mortgage by way of security for the debt, and extended the time of payment, and that too without his knowledge or consent. It is contended that this matter, admitting it to be true, is not a fit subject for the cognizance of a court of law, and that it could alone be made available in a court of equity. This court in the cases of Hempstead and Conway v. Watkins, adm’r of Byrd, when discussing this point, used the following language, to wit: “The leading case upon this subject is Rees v. Barrington, 2 Ves. 540, in which it was definitely settled that if the obligee in a bond with a surety, without communication with the surety, takes notes from the principal and gives further time, the surety is discharged. Since that case, the giving of time has been considered a settled subject of defence in equity, and has never been doubted. This principle having become firmly engrafted in the system of equity jurisdiction, courts of law, acting upon the same broad and liberal principles of equity, have adopted the same rule as the subject of legal remedy, except in cases where the surety was estopped, as, for instance, by bis bond, from averring his suretyship in a court of law. But Mr. Justice Stout remarks, ‘But still the jurisdiction now assumed in courts of law upon this subject, in no manner effects that originally and intrinsically belonging to equity.’ ” Com. on Eq. Ju. 475. If this doctrine be correct, it is thought that for a much stronger reason would the surety be exonerated when the creditor had taken a mortgage upon property for the avowed purpose of securing the debt sought to be recovefed, and in consideration of the mortgage extended the time of payment. We consider it clear from the authorities that the matter set up in the plea is pleadable a% well at law as in equity, and if true and supported by satisfactory proof would fully and completely exonerate the surety; the demurrer was therefore improperly sustained. The fifth and last plea of the defendant, Redman, is of the same import of the fourth, but sets out more specifically the terms and condition of the mortgage. Upon this plea the defendant took issue, and the point to be determined is whether it was sustained by the testimony. It was not sufficient for Ferguson, the principal in the note, to have made the deed and forwarded the same to the Cashier of the Bank, but it was of the very essence of the defence that the whole arrangement was accepted and ratified by the board of directors. They were the only tribunal which had authority to make such arrangements, and if in their judgment it should be deemed expedient, to release the securities. The testimony is clear and conclusive that the board never accepted the deed and consequently never consented to give time. Hempstead testified that when the deed was presented to the board for acceptance or rejection, they directed that Ferguson be notified that in order to render the deed acceptable to the Bank, it would be necessary for him to furnish the certificate of the clerk of his county, that there were no liens on his property, and also a relinquishment of his wife’s dower. It is not in evidence that any such certificate was ever furnished, or that his wife’s dower was relinquished, and it was expressly upon that condition that the deed was to be accepted and time to be given. This being the state of case, we think that the plea was not sustained by the testimony. This brings us to the consideration of the instructions given and refused by the court. The plaintiff below moved the court to instruct the jury that the note sued upon and presented before the jury, was evidence before them, and that if they believed from the testimony that Redman signed the note they should find for her, and also that if they believed from the testimony that the mortgage of Ferguson, read in evidence, was not accepted and received by the Bank, they should find for her on the issue formed upon the third plea. The court erred in giving the first instructions. It did not follow that the jury should find for the plaintiff in case that they were satisfied that the signature was genuine and placed there by his own proper hand. This might have been strictly true, and yet he might have been released and exonerated by the exceptance of the mortgage and the extension of time set up in another plea. So that in order that the instruction should have been commensurate with the case as presented by the pleading, it was necessary that it should have gone to that extent. The second instruction was properly given. The defendant, Redman, also moved three instructions, the two first of which were refused and the third was given by the court. He first moved the court to instruct the jury that the plaintiff below under the issue on the plea of nil debet must have proven to their satisfaction that the note sued on was executed by the parties and in the manner stated in said declaration, before she was entitled to a finding on that plea. The second is, that if they should believe from the evidence that in consideration of the mortgage produced to them being executed and delivered to the Bank that she delayed and gave time of payment to Ferguson, the principal debtor, the securities were released from liability on the note. And thirdly, that under the plea of nil debet, the Bank was bound to prove to the satisfaction of the jury that Red-man did execute and deliver said note to her, or to some one else to be used and negotiated. The court erred in giving the first instruction. The plea only put in issue the signature of Redman; the signatures of the other defendants, were proved by the note itself, as they had taken no steps to impeach it. The second instruction was properly given. The third one should also have been given to the jury, as it is clear that the onus of proving the signature of Redman was thrown upon the Bank. We think, therefore, that for the reasons assigned, the court below erred in refusing a new trial. The judgment of the Circuit Court is consequently reversed and the cause remanded with directions to permit both parties to amend their pleadings if they desire to do so, and also that the same be proceeded in according to law and not inconsistent with this opinion.